Henry L. Dokel and Caroline Dokel, Plaintiffs, *v.* Title Guarantee and Trust Company, Defendant.

City Court of New York, New York County, March 29, 1933.

*Martin Gollubier*, for the plaintiffs.

*Clarence B. Plantz*, for the defendant.

La Fetra, Ch. J. This is a motion by defendant to dismiss plaintiffs' causes of action, the first on the ground that it does not state facts sufficient to constitute a cause of action, and the second on the ground that it did not accrue within the time limited by law for the commencement of an action thereon.

The first cause arises under a policy of title insurance issued to the plaintiffs, the second for defendant's failure to advise the plaintiffs of a probable assessment against the real property in question. The assessment arose from the closing of the " Old Williamsbridge road " under chapter 1006 of the Laws of 1895, and the amendment thereto, chapter 752 of the Laws of 1923, which provided for the closing and opening of streets or avenues, making awards for property damaged and assessments against property benefited. No proceeding was taken to make the awards for damage or fix the assessments for benefit until 1932. Finally the assessment in question was levied June 5, became a lien July 5, and paid July 26, 1932, thereby releasing the property from said lien. The policy was under seal and dated July 3, 1925. It insured the plaintiffs against all loss or damage, not exceeding a sum therein stated, " which the insured shall sustain by reason of any defect or defects of title affecting the premises described in Schedule A, hereto annexed, or affecting the interest of the insured therein, as described in said schedule, or by reason of unmarketability of the title of the insured to or in said premises, or by reason of liens

or incumbrances charging the same at the date of this policy; saving all loss and damage by reason of the estates, interests, defects, objections, liens and incumbrances excepted in Schedule B, or by the conditions of this policy, hereto annexed and hereby incorporated into this contract." The exceptions mentioned in Schedule B are not material to the issues now presented. The conditions annexed to the policy are important, particularly the one numbered 13, which in part is as follows: " Defects and incumbrances arising after the date of this policy or created, suffered, assumed or agreed to by the insured, and taxes and ·assessments which have not become a lien up to the date of this policy or which are payable in future instalments, are not to be deemed covered by it.'' The assessment in question had not become a lien at the time the policy was issued and is not " deemed to be covered by it." (*Trenton Potteries Co.* v. *Title Guarantee & Trust Co.*, 176 N. Y. 65, 72; *Sperling* v. *Title Guarantee & Trust Co.*, 227 App. Div. 5.)

In the second cause of action the plaintiffs allege the employment of the defendant in April, 1925, to examine the title, and charged that the defendant failed to advise them of the probable assessment, and seek damages for negligence in that respect. In accepting the employment the defendant would be liable in damages for its neglect. Its liability is the same as that of an attorney under similar circumstances. That liability arises from the contract to search and is distinct and separate from that of insurance. (*Trenton Potteries Co.* v. *Title Guarantee & Trust Co.*, *supra.*) Such an action must be commenced within six years. (Civ. Prac. Act, § 48, subd. 1; *Camp* v. *Reeves*, 209 App. Div. 488.)

In the circumstances, the motion of defendant to dismiss the causes of action set forth in the complaint is granted, with costs. Short form order entered.